E-FILED
Friday, 11 September, 2026 12:09:29 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| EMANUEL LOLLIS,<br>Plaintiff,<br><br>v.<br><br>GREG DONATHAN, *et al.*,<br>Defendants. | Case No. 4:26-cv-04142-JEH |

**Merit Review Order**

Plaintiff, proceeding *pro se* and civilly detained at the Rushville Treatment and Detention Facility ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, files a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 3). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Complaint states a federal claim.

**I**

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-

51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II**

Plaintiff files suit against Defendants Program Director Greg Donathan, Assistant Program Director Erin Posey, Clinical Directors Shan Jumper and Sharlene Caraway, Director of Nursing Zachary Shawgo, Internal Investigator Kody Waterkotte, Clinical Therapists Gerald Carreon and Angela Hoyt, Security Therapy Aides Joshua Cleavinger, Ryan Kerr, Curtis Parson, Robert Downs, Ted Bice, Joshua Billingsley, John Doe 1, John Doe 2, and John Doe 3, and Nurses Mindy Griffin, Jane Doe 1, Jane Doe 2, and Jane Doe 3.

Plaintiff's Complaint, which consists of forty-five pages of allegations, alleges (1) excessive force claims against Defendants Cleavinger, Parson, Billingsley, Kerr, Downs, Bice, and John Does 1-3 arising from incidents on December 6, 2023, January 31, 2024, February 23, 2024, and August 2024; (2) Fourteenth Amendment claims against Defendants Donathan, Posey, Shawgo, Downs, Parson, Griffin, Jumper, Carreon, and Jane Does 1-3 regarding medical care for Plaintiff's epileptic seizure disorder, cardiac condition, mental health conditions, and injuries from the alleged use of excessive force; (3) First Amendment retaliation claims against Defendants Waterkotte, Jumper, Donathan, Posey, Carreon, Cleavinger, Parson, Billingsley, Kerr, and Downs; (4) procedural due process claims against Defendants Donathan, Posey, Jumper, Caraway, Hoyt, and Carreon regarding Plaintiff's placement on Special Management Status on

December 22, 2023; (5) a claim that the Illinois Sexually Violent Persons Act is unconstitutional; (6) an unconstitutional conditions of confinement claim, and a myriad of other claims.

Plaintiff's claims are not properly joined in one lawsuit. Unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. FED. R. CIV. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . .").

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. The Court will give Plaintiff a final opportunity to file an Amended Complaint within thirty days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety.

Because Plaintiff's Complaint did not state a claim, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is DENIED, with leave to renew. (Doc. 3). If Plaintiff files an Amended Complaint, he must refile a Motion for Leave to Proceed *in forma pauperis*.

Plaintiff also filed a document titled "Complaint for Damages, Declaratory Relief, and Injunctive Relief." (Doc. 4). Plaintiff restates many of the same allegations from his Complaint and attempts to assert additional claims. For the reasons stated *supra*, Plaintiff's Motion is DENIED.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety.**

2) **Plaintiff's Motion for Leave to Proceed *in forma pauperis* [3] is DENIED, with leave to renew. If Plaintiff files an Amended Complaint, he must refile a Motion for Leave to Proceed *in forma pauperis*.**

3) **Plaintiff's Motion for Declaratory Relief Injunction [4] is DENIED.**

4) **Plaintiff's Motion for Status [6] is MOOT.**

*It is so ordered.*

Entered: September 11, 2026

s/Jonathan E. Hawley
U.S. District Judge